**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| RONALD J. FISHER, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 05-0851 (RMU) |
| | : | | |
| v. | : | Document No.: | 13 |
| | : | | |
| BUREAU OF PRISONS, | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

GRANTING THE DEFENDANT'S MOTION TO DISMISS

**I. INTRODUCTION**

The plaintiff, Ronald J. Fisher, proceeding *pro se*, brings this action pursuant to the Privacy Act, 5 U.S.C. § 552a, alleging that the Bureau of Prisons ("BOP") maintains inaccurate records about him and seeking an amendment of the records and monetary damages. The defendant has filed a motion to dismiss. Because the BOP records at issue are exempt from the relevant provisions of the Privacy Act, the court grants the defendant's motion to dismiss the case.

**II. BACKGROUND**

The plaintiff is currently incarcerated at the United States Penitentiary in Pollock, Louisiana ("USP-Pollock"). Compl. at 4. He alleges that on April 29, 2003, he filed a request with his unit team asking that the records in his central files be amended and corrected based on alleged inaccuracies in his presentence investigation report ("PSI"). *Id.* According to the plaintiff, the PSI states that he has two prior felony convictions when, in fact, these offenses are misdemeanors under California law. *Id.*

The warden responded to plaintiff's request on June 4, 2003, and informed the plaintiff that his request would be referred to the appropriate United States Probation Office. *Id.* The plaintiff alleges that he has made several requests that his records be corrected, but the BOP has not responded. *Id.*, pp. 4-5. As a result of the inaccurate records, the plaintiff claims that he is being held in a higher security prison and deprived of programs available at lower security level institutions. *Id.*, p. 5.

### III.  ANALYSIS

#### A.  Legal Standard for a Motion to Dismiss

In considering a motion to dismiss, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Taylor v. Fed. Deposit Ins. Corp.*, 132 F.3d 753, 761 (D.C. Cir. 1997). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Swierkiewicz v. Sorema*, 534 U.S. 506, 515 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). However, "[t]he plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." *Rwanda v. Rwanda Working Group*, 150 F. Supp.2d 1, 5 (D.D.C. 2001).

### B.  The Court Grants the Defendant's Motion to Dismiss

### 1.  The Privacy Act

The Privacy Act requires that an agency "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination."  5 U.S.C. § 552a(e)(5).   The Privacy Act permits an individual to request an amendment to a record pertaining to him and requires the agency either to promptly correct the record or to explain its reasons for refusing to amend.  5 U.S.C. § 552a(d)(2).  An individual may bring a civil action if the agency declines to amend the record or fails to maintain accurate records and the plaintiff suffers an adverse determination as a result of the agency's decision.  5 U.S.C. § 552a(g)(1)(C).  A plaintiff can recover monetary damages if the agency's conduct was intentional or willful.  5 U.S.C. § 552a(g)(4).

To prevail on a Privacy Act claim for damages, the plaintiff must show that (1) the agency failed to maintain accurate records, (2) the agency's conduct was intentional or willful, and (3) an adverse determination was made respecting the plaintiff due to the inaccurate record. *Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 582 (D.C. 2002).   The plaintiff has the burden of proving that the agency's actions in violating the Privacy Act were intentional or willful.  *Albright v. United States*, 732 F.2d 181, 189 (D.C. Cir. 1984); 5 U.S.C. § 552a(g)(4).  A willful or intentional act is "an act without grounds for believing it to be lawful, or [an act done] by flagrantly disregarding others' rights ... or a violation ... so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful." *Deters v. U.S. Parole Comm'n*, 85 F.3d 655, 660 (D.C. Cir. 1996).

**2. The Records at Issue are Exempt from the Privacy Act Provisions**

The defendant moves to dismiss on the grounds that a PSI in the BOP's files is a record exempt from the Privacy Act's amendment, accuracy and damages provisions. An agency may promulgate regulations to exempt certain systems of records within the agency from the Privacy Act. 5 U.S.C. § 552a(j)(2). Systems of records containing investigatory material compiled for law enforcement purposes are exempt from the Privacy Act provisions. 5 U.S.C. § 552a(k)(2). Pursuant to this authority, regulations exempt BOP's Inmate Central Records System. 28 C.F.R. § 16.97(a)(4). Because a PSI is maintained in the Inmate Central Records System, a plaintiff is barred from pursuing a Privacy Act amendment claim challenging the contents of the PSI. *White v. United States Probation Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998).

The plaintiff also cannot bring a Privacy Act claim for damages against the BOP based on its alleged failure to maintain accurate records in the Inmate Central Records System. Pursuant to 5 U.S.C. § 552a(j)(2), the BOP's Inmate Central Records System is exempt from subsection (e)(5) of the Privacy Act. *Barbour v. United States Parole Comm'n*, 2005 WL 70041 (D.C. Cir. Jan. 13, 2005 ) (per curiam) at *1; *Mitchell v. Bureau of Prisons*, 2005 WL 3275803 (D.D.C. Sept. 30, 2005) at *4; *Skinner v. U.S. Dep't of Justice*, 2005 WL 1429255 (D.D.C. June 17, 2005) at *2. *See also* 28 C.F.R. § 16.97(j) (effective August 9, 2002). Therefore, plaintiff's claim must be dismissed.

## IV. CONCLUSION

For all of the foregoing reasons, the court grants the defendant's motion to dismiss. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 21st day of February, 2006.

                                                      RICARDO M. URBINA
                                                United States District Judge